UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DAVID ALLYN, M.D., JAMES V.
LYNOTT and JOSEPH M. MASESSA,
M.D. ,

    Plaintiffs,

v.                                                    Case No: 5:18-cv-355-Oc-30PRL

AMERICAN BOARD OF MEDICAL
SPECIALTIES, INC. and AMERICAN
BOARD OF DERMATOLOGY, INC.,

    Defendants.

## ORDER

    Plaintiffs are board certified dermatologists who routinely perform Mohs surgeries as part of their medical practices. The American Board of Medical Specialties, Inc. ("ABMS") and the American Board of Dermatology, Inc. ("ABD") are considering the creation of a Mohs Surgery Board ("MSB"), which if created would require doctors who perform Mohs surgeries to become board certified by the MSB. Plaintiffs claim that doing so would require a 1- to 2-year fellowship and deprive them and a greater class of doctors the ability to perform and collect money for Mohs surgeries.

    Thus, Plaintiffs argue, the creation of the MSB violates the Sherman Act and the Florida Antitrust Act, and constitutes an unfair trade practice because it disparages doctors who are not board certified. To prevent the creation of the MSB, Plaintiffs seek a temporary restraining order ("TRO") and preliminary injunction. But because Plaintiffs are unable to

show that any harm is imminent or that there is a substantial likelihood of success on the merits, the Court concludes the TRO should be denied. The Court will refer the request for a preliminary injunction to the magistrate judge for further consideration.

## DISCUSSION

Federal Rule of Civil Procedure 65(b) governs a court's ability to issue a TRO. The rule provides as follows:

> **(1) *Issuing Without Notice.*** The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
>> **(A)** specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>>
>> **(B)** the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b). Further, Local Rule 4.05(b)(2) provides a motion for TRO must be supported by facts in a verified complaint or affidavit demonstrating "not only that the moving party is threatened with irreparable injury, but that such injury is so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible."

A party seeking a TRO must also demonstrate the following: (1) there is a substantial likelihood of success on the merits; (2) the TRO is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm that the TRO would cause to the non-movant; and (4) the TRO would not be averse to the public interest. *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1035 (11th Cir. 2001).

The Court concludes no TRO is warranted here for at least two reasons: First, Plaintiffs have not demonstrated that any injury is so imminent that notice and a hearing on the application for preliminary injunction is impractical. Second, Plaintiffs have not demonstrated a substantial likelihood of success on the merits.

A. **Imminent Injury**

Plaintiffs failed to demonstrate that any potential injury to themselves is imminent. In the Verified Complaint, Plaintiffs allege, "It is believed that Defendant ABMS and members of its board of directors will vote shortly after July 6, 2018, to create the new Mohs Surgery Board." (Doc. 1, ¶ 60). This statement alone is insufficient to show that any potential harm is imminent.

While the above statement focuses on the when the ABMS would vote to create the MSB, it does not address how soon an injury could occur. For instance, Plaintiffs do not allege how soon after the vote to create the MSB that the MSB would actually be created. Nor do Plaintiffs alleges how long after creation the MSB would be able to enact policies or regulation requiring board certification to perform Mohs surgeries. Without alleging something more than the ABMS will soon vote whether to create the MSB, Plaintiffs are unable to show that any injury is imminent.[1]

---

[1] The Court also notes that the ABMS website refutes Plaintiffs' allegation. The website states that the ABMS committee on certification, or COCERT, "will consider the application [for creation of the MSB] at its meeting in September 2018." *See* COCERT Invites Comments, https://www.abms.org/board-certification/cocert-invites-comments/ (accessed July 12, 2018). So it does not appear that a vote is scheduled before a preliminary injunction hearing could occur.

### B. Substantial Likelihood of Success on the Merits

Plaintiffs also failed to demonstrate a substantial likelihood of success on the merits. In the Verified Complaint, Plaintiffs allege that they will suffer harm because they will not be able to become board certified by the MSB to perform Mohs surgeries because they have not had a fellowship in Mohs surgery. (Doc. 1, ¶¶ 20, 23, and 26). Plaintiffs also allege that there is no other way to obtain board certification other than to complete a 1- to 2-year fellowship. (Doc. 1, ¶ 6). But that appears to be inaccurate.

The application for the creation of the MSB, which Plaintiffs attached to the Verified Complaint, appears to provide an alternate method of becoming board certified. It provides as follows:

> 8. Please outline the qualifications required of applicants for certification in the proposed new or modified subspecialty area, as it pertains to the following:
>
> …
>
> c. Completion of specified education and training or experience in the subspecialty field:
>
> A practice pathway to certification will exist for 5 years. During this period, any dermatologist certified by the ABD, in good standing and up to date in MOC (if applicable) will be allowed to sit for the examination provided that s/he attests that MDS comprises some portion of practice. After the 5-year window, only ABO-certified dermatologists who have successfully completed ACGME-accredited fellowship program will qualify to take the examination to become certified.

(Doc. 1-3, pp. 7–8). Based on this statement, it appears that ABD board certified dermatologists in good standing would be able to be come board certified by the MSB by sitting for an examination during the first five years of the MSB's existence. In other words, Plaintiffs—who are all ABD board certified dermatologists—would not have to complete

4

a fellowship to receive MSB board certification, which is the crux of their claims in the Verified Complaint. Plaintiffs never allege that having to sit for an examination to receive MSB certification would violate federal or Florida law. So the Court concludes Plaintiffs have not demonstrated a substantial likelihood of success on the merits given their apparent misunderstanding of the proposed methods of becoming certified by the MSB.[2]

Accordingly, it is ORDERED AND ADJUDGED that:

1. Plaintiffs' Verified Motion for Temporary Restraining Order without Hearing and Temporary Injunction (Doc. 2) is DENIED to the extent that Plaintiffs have not demonstrated entitlement to a temporary restraining order.

2. The Motion (Doc. 2) is referred to Magistrate Judge Philip R. Lammens to conduct a hearing and issue a Report and Recommendation on the request for a preliminary injunction. The hearing time and location is to be set by Magistrate Judge Lammens's chambers.

**DONE** and **ORDERED** in Tampa, Florida, this 12th day of July, 2018.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

---

[2] To the extent the Court has misconstrued Plaintiffs' arguments in the Verified Complaint or the certification requirements in the application, the Court reaches this conclusion without prejudice to Plaintiffs being able to re-address it at the hearing on their request for preliminary injunction.