UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DAVID ALLYN, *et al.*　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiffs,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)　Case no. 5:18-cv-00355-JSM-PRL
AMERICAN BOARD OF MEDICAL　　　　　　)
SPECIALTIES, INC., *et al.*　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　Defendants.　　　　　　　　　　)
_____)

**AGREED MOTION FOR EXTENSION
OF TIME TO RESPOND TO COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 6(b) and Local Rule 3.01, defendants American Board of Medical Specialties ("ABMS") and American Board of Dermatology, Inc. ("ABD") respectfully request a fourteen (14) day extension of time to file their response to the Complaint. Plaintiffs have consented to the requested extension. In support of this motion, ABMS and ABD state as follows:

　　　1.　　On July 11, 2018, plaintiffs filed their Complaint. Compl. (ECF No. 1). That Complaint asserts claims for violations of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2, analogous Florida antitrust law, and the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.204. Compl. ¶¶ 130–85. The Complaint also asserts claims for civil conspiracy

1

and a declaratory judgment. *Id.* ¶¶ 186–215. As relief, the Complaint seeks a temporary restraining order, injunctive relief, and attorneys' fees. *Id.* ¶¶ 191–215.

2. On the same day, plaintiffs moved for a temporary restraining order and a "temporary injunction." ECF No. 2. On July 12, this Court denied plaintiffs' request for a TRO for two independent reasons: Plaintiffs did not show "that any injury is so imminent that notice and a hearing . . . is impractical"; and "Plaintiffs have not demonstrated a substantial likelihood of success on the merits." ECF No. 2 at 3.

3. On July 18, ABMS and ABD were each served with the Complaint—although plaintiffs have not filed proofs of service on the docket. As a result, defendants deadline to answer or otherwise plead to the Complaint is currently August 8, 2018.

4. ABMS and ABD have repeatedly asked plaintiffs to withdraw the Complaint both (a) because the Complaint is not ripe for adjudication for the reasons indicated in this Court's denial of the TRO and (b) because it is replete with obvious factual errors that defendants have brought to the attention of plaintiffs' counsel. Plaintiffs' counsel indicated that plaintiffs would consider this request and get back to counsel for defendants. In an effort to avoid unnecessary costs, counsel for defendants did not begin work on a response to the Complaint while plaintiffs were considering the request to withdraw that Complaint.

5. On July 23, plaintiffs withdrew their motion for a "temporary injunction"—representing to this Court that the case "may be mooted [or] otherwise does not appear to be ripe for decision at the present time." ECF No. 10 ¶ 5. However, as of that date, plaintiffs still were not prepared to advise counsel for defendants whether they were going to withdraw the Complaint.

6. On July 25, counsel for plaintiffs advised counsel for defendants that plaintiffs had determined not to withdraw the Complaint. It was only then that defendants began work on their response to the Complaint.

7. Accordingly, ABMS and ABD respectfully request a 14-day extension to respond to the Complaint through and including August 22, 2018. The requested extension is necessary to prepare an appropriate responsive pleading.

8. This Motion is not being made for the purposes of delay, and no party will be prejudiced by the requested extension. Indeed, as noted above, plaintiffs do not object to the motion.

### Memorandum of Law

This Court may enlarge the time to file a responsive pleading for "cause shown." Fed. R. Civ. P. 6(b). The standard is a liberal one, and "an application for an enlargement of time under Rule 6(b)(1) will normally be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165, at 552 (3d ed. 2002). Neither bad faith nor prejudice exists here. Furthermore, as explained above, there is a good cause for the requested extension.

### Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), defendants' counsel conferred with plaintiffs' counsel about this request on August 2, 2018 via email. Plaintiffs' counsel responded via email that it consents to a fourteen-day extension.

## **CONCLUSION**

For the foregoing reasons, ABMS and ABD request that this Court grant them an extension of time, through and including August 22, 2018, to file their response to the Complaint.

Dated: August 3, 2018

Respectfully submitted,

By: */s/ Russell W. LaPeer*
Russell LaPeer
**LANDT, WIECHENS, LaPEER, & AYERS, LLP**
Florida Bar no. 200530
445 N.E. 8th Avenue
Ocala, Florida 34470
Tel: (352) 732-8622
Fax: (352) 732-1162
Email: rlapeer@aol.com &
lawsec70@yahoo.com


Jack R. Bierig*
Benjamin I. Friedman*
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, Illinois 60603
Telephone No. (312) 853-7000
Facsimile No. (312) 853-7036
jbierig@sidley.com
benjamin.friedman@sidley.com

* *Pro hac vice* (forthcoming)

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record in this case.

*/s/ Russell W. LaPeer*
Russell LaPeer
**LANDT, WIECHENS, LaPEER, & AYERS, LLP**
445 N.E. 8th Avenue
Ocala, Florida 34470
Tel: (352) 732-8622
Fax: (352) 732-1162
Email: rlapeer@aol.com