UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | |
|---|---|
| DAVID ALLYN, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN BOARD OF MEDICAL SPECIALTIES, INC., *et al.*<br><br>Defendants. | Case no. 5:18-cv-00355-JSM-PRL |

<u>**DECLARATION OF JACK R. BIERIG IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**</u>

1

I, Jack R. Bierig, declare as follows:

1. My name is Jack R. Bierig. I am an attorney with Sidley Austin LLP, in Chicago, Illinois. I have been admitted *pro hac vice* to serve as counsel for defendants American Board of Medical Specialties ("ABMS") and American Board of Dermatology, Inc. ("ABD") (collectively, "Defendants"). ECF No. 20. I have personal knowledge of the matters set forth herein. I submit this declaration in support of Defendants' Motion to Dismiss the Complaint and Supporting Memorandum of Law.

2. Upon receiving the Verified Complaint ("Complaint") of the three physician plaintiffs (ECF No. 1) and their Verified Motion for Temporary Restraining Order and Temporary Injunction ("Motion for TRO") (ECF No. 2), I promptly undertook an investigation of the facts alleged in those documents. Specifically, I discussed the allegations of the Complaint and the statements in the Motion with in-house counsel for ABMS and with the leadership of ABD. I also reviewed the relevant portions of the publically-accessible ABMS website.

3. It immediately became apparent that many of the factual allegations in the Complaint were demonstrably inaccurate. For example, contrary to the allegations of the Complaint, the application submitted by ABD to ABMS was for authorization to award subcertification in micrographic dermatologic surgery – not in Mohs surgery. Similarly, again contrary to the Complaint, the requested authorization was for the long-established ABD to award this subcertification – not to have a separate Mohs Surgery Board created.

4. It also immediately became apparent that Plaintiffs' allegations of immediate and concrete harm were without any factual support whatsoever. Rather, the period for receipt

of comments on the ABD application was still open; the Committee that would review the application was not meeting until September 7; and any decision by ABMS on the application would not be made until October 26. Further, I quickly realized that allegations about what hospitals and payors would do if the application were approved were completely speculative.

5.  Accordingly, on July 13, I e-mailed George Indest, Carole Schriefer, and Lance Leider of The Health Law Firm, all of whom represent Plaintiffs, to "advise[] that both the Complaint and Motion are filled with errors both with respect to the underlying facts and to the timetable at issue." Ex. 1 at 1. For example, I pointed out that, contrary to the verified allegations in the Complaint and Motion for TRO, "ABMS is still accepting comments on the application of ABD to authorize it to grant subspecialty certification in Micrographic Dermatologic Surgery" and "[n]o final action will be taken on that application until October at the very earliest." *Id.* Accordingly, I respectfully requested that Plaintiffs' counsel withdraw the Motion for TRO. *Id.* A true and correct copy of my July 13, 2018 email to Plaintiffs' counsel is attached as **Exhibit 1**.

6.  Together with the Chief Legal Officer of ABMS, John Mandelbaum, I then spoke with Mr. Indest and his colleagues by telephone. On that call, I reiterated these points and requested that both the Complaint and the Motion for a TRO be withdrawn. I made clear that withdrawal of the Complaint would be without prejudice. I also stated that, in all the circumstances, Defendants would seek sanctions if the Complaint were not withdrawn. In that

3

conversation, Mr. Indest informed me that this Court had already denied the TRO. At my request, Mr. Indest sent me a copy of this Court's Order.

7. Subsequently, I became aware that this Court was treating Plaintiffs' Motion for a "Temporary Injunction" as a request for a preliminary injunction – and that a hearing on that request had been scheduled for August 1 before Magistrate Judge Lammens. In light of this Court's Order denying the TRO, I again contacted Mr. Indest to request that both the Motion for a Temporary Injunction and the Complaint be withdrawn.

8. On July 23, Mr. Mandelbaum and I spoke with Mr. Indest and his colleagues by phone. During that conversation, we again advised counsel for Plaintiffs that both the facts alleged in the Complaint and the timetable set forth in the Complaint and Motion for TRO were false. Mr. Mandelbaum and I explained why in detail. Accordingly, we requested that the Motion for Temporary Injunction and the Complaint itself be withdrawn, without prejudice. I informed Mr. Indest and his colleagues that, if the Complaint were not promptly withdrawn, ABMS and ABD would seek sanctions, including an award of their costs and attorneys' fees incurred in connection with a motion to dismiss that Defendants would be filing.

9. Mr. Indest agreed to withdraw the Motion for Temporary Injunction in light of this Court's July 12 Order, and he promptly notified the Court of the withdrawal of that Motion. ECF No. 10. However, he indicated that he wanted to discuss with his clients whether to withdraw the Complaint in light of the inaccuracies of fact and timing that Mr. Mandelbaum

4

and I had pointed out to him and his colleagues. He promised to get back to us by email after he was able to discuss the issue with his clients.

10. On July 25, Shannon Gentry of Mr. Indest's law firm sent an email stating that that Plaintiffs had determined not to withdraw the Complaint. A true and correct copy of Ms. Gentry's email is attached as **Exhibit 2**.

11. In light of Plaintiffs' refusal to withdraw the Complaint, Defendants have proceeded to file a Motion to Dismiss that Complaint. Preparation of that Motion required substantial time and effort in doing the required legal research, drafting the motion, preparing supporting Declarations, getting input from the clients, and finalizing the Motion and Declarations. None of the costs and attorneys' fees incurred by Defendants in connection with the preparation and filing of that Motion would have been necessary had Plaintiffs, as twice requested by Defendants, agreed to withdraw their Complaint, without prejudice, pending a decision by ABMS on the application of ABD.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 21, 2018         By: _____
                                    Jack R. Bjerig

# EXHIBIT 1

**Bierig, Jack R.**

| | |
|---|---|
| **From:** | Bierig, Jack R. |
| **Sent:** | Friday, July 13, 2018 11:20 AM |
| **To:** | 'GIndest@TheHealthLawFirm.com'; 'CSchriefer@TheHealthLawFirm.com'; 'LLeider@TheHealthLawFirm.com' |
| **Subject:** | Allyn v. ABMS and ABD (M.D.Fla. No. 5:18-civ-355.oc.30 PRL) |

Counsel,

I am representing both the American Board of Medical Specialties and the American Board of Dermatology in this case. I have just received the Complaint and the Verified Motion for a TRO.

Please be advised that both the Complaint and Motion are filled with errors both with respect to the underlying facts and to the timetable at issue. In fact, ABMS is still accepting comments on the application of ABD to authorize it to grant subspecialty certification in Micrographic Dermatologic Surgery. No final action will be taken on that application until October at the very earliest. In the circumstances, I am respectfully requesting that you withdraw your motion for a TRO immediately. If you do not do so, defendants will seek all available remedies.

Please email me to arrange a time later today or Monday at which we can discuss this litigation, and I can explain the facts to you in more detail. Thank you very much. I look forward to your prompt response.

Jack Bierig


**JACK R. BIERIG**

**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, IL 60603
+1 312 853 7614
jbierig@sidley.com
www.sidley.com

**SIDLEY**

1

# EXHIBIT 2

## Bierig, Jack R.

| | |
|---|---|
| **From:** | Shannon Gentry <SGentry@thehealthlawfirm.com> |
| **Sent:** | Wednesday, July 25, 2018 4:53 PM |
| **To:** | Bierig, Jack R.; jmandelbaum@abms.org |
| **Cc:** | George F. Indest; Carole C. Schriefer; Lance O. Leider; Achal A. Aggarwal |
| **Subject:** | Allyn v. ABMS and ABD (M.D.Fla. No. 5:18-civ-355.oc.30 PRL) (Our File 002-002) |

Dear Mr. Bierig and Mr. Mandelbaum:

Attorney Indest has requested I reach out to you and advise that Plaintiffs do not desire to withdraw the Complaint.

Thank you.

*Shannon Gentry*

Shannon Gentry
Paralegal
THE HEALTH LAW FIRM
1101 Douglas Avenue
Altamonte Springs, FL 32714
Office:   (407) 331-6620
Telefax: (407) 331-3030
E-mail:   sgentry@thehealthlawfirm.com



Website | Blog | Facebook | Twitter

This communication is privileged and confidential. It is intended only for the person(s) to whom it is directed. It may contain information that is sensitive, private and covered by the attorney-client privilege, the attorney work-product privilege, the medical peer review privilege, the medical risk management privilege or other privileges. If you have received this by mistake, please do not read it or copy it. Please delete it immediately and notify the undersigned at the address and telephone number indicated (including your e-mail address so that we may correct any erroneous information we may have). We do not provide legal advice over the internet or in e-mails, nor will we agree to represent a party through e-mail.