IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Ocala, Florida

DAVID ALLYN, M.D.,
JAMES V. LYNOTT, M.D.,
JOSEPH M. MASESSA, M.D.,
JEFFREY BAUER HORTON, M.D., J.D.,
and MONT JAY CARTWRIGHT, M.D.,         No.: 5:18-cv-355-Oc-30PRL

    Plaintiffs,

vs.

AMERICAN BOARD OF MEDICAL
SPECIALTIES, INC., an Illinois corporation,
and AMERICAN BOARD OF                  Agreed Motion for Enlargement of
DERMATOLOGY, INC., a Delaware          Time to Respond to Defendants'
corporation, authorized to do business in   Motion to Dismiss and Defendants'
Massachusetts,                         Motion for Costs and Attorneys' Fees

    Defendants.
_____/

## PLAINTIFFS' AGREED MOTION FOR ENLARGEMENT OF TIME

## TO FILE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

COME NOW Plaintiffs in the above-referenced matter, by and through the undersigned counsel and move this Court for an extension of time to file their Motion for Class Certification, stating:

## BACKGROUND FACTS

1.    On September 10, 2018, Plaintiffs filed their Verified Amended Complaint [Doc. 26], making significant changes and additions to the facts stated in their original Complaint.

2. On September 24, 2018, Defendants filed their Dispositive Motion to Dismiss the Amended Complaint [Doc. 31].

3. The Parties have met and conferred in a prehearing conference, agreeing to certain dates and deadlines. They are currently working to agree on the exact wording of the Case Management Report to be filed. The Court has granted until October 11, 2018.

4. In part, the Parties agreed that no discovery should take place until after the decision of the Court on the Defendants' dispositive Motion to Dismiss, which raises jurisdiction as an issue.

5. The Parties also agree that it is not necessary for Plaintiffs to file their Motion for Certification of the Class until after the decision of the Court on the Defendants' dispositive Motion to Dismiss [Doc. 31]. The Parties also agree that it is unlikely that the Court would expect Plaintiffs to file their Motion for Certification of the Class until after the Court decides Defendants' dispositive Motion to Dismiss.

6. However, in order to ascertain the Court's desire in the matter, Plaintiff is filing this Motion for Enlargement of Time to File its Motion for Class Certification.

## RELIEF REQUESTED

7. Plaintiffs respectfully request that the Court grant an enlargement of time so that Plaintiffs are not required to file a Motion for Class Certification until some time after a ruling on the Defendants' Motion to Dismiss as further directed by the Court.

CERTIFICATE OF COMPLIANCE

8. Undersigned certifies compliance with Local Rule 3.01(g). Counsel for Plaintiffs certifies that Plaintiffs' counsel has in good faith contacted counsel for Defendants and requested concurrence with this motion. Counsel for Defendants has stated that the Defendants agree to this motion and the relief it requests.

MEMORANDUM OF LAW

Plaintiffs are making this request for an extension of time in good faith and pursuant to Rule 6(b)(1)(A), Fed.R.Civ.P., and it is not made for purposes of improper delay.

Rule 6(b)(1)(A), Federal Rules of Civil Procedure, permits the court to grant an extension of time for good cause. Jozwiak v. Stryker Corp., 2010 WL743834, at *2 (M.D. Fla. Feb. 26, 2010).

Local Rule 4.04(b), Middle District of Florida, also permits the court to grant an extension of time for cause shown.

The Court has inherent authority to grant extension of time to act upon its own orders. In the present case, given the complexity of this case and the absence of any real prejudice to the Defendants, the Court should grant the request for an extension of time.

WHEREFORE, Plaintiffs respectfully request the Court grant an enlargement of time so that Plaintiffs are not required to file a Motion for Class Certification until some time after a ruling on the Defendants' Motion to Dismiss as directed by the Court.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have filed this document electronically with the Clerk of Court via the CM/ECF System, which automatically serves all counsel of record, on this 10th day of October 2018.

/s/  George F. Indest III
_____
GEORGE F. INDEST III, J.D., M.P.A., LL.M.
Florida Bar No.: 382426
Primary e-mail:  GIndest@TheHealthLawFirm.com
Secondary e-mail:  CourtFilings@TheHealthLawFirm.com
TRIAL COUNSEL/LEAD ATTORNEY
ATTORNEY TO BE NOTICED
CAROLE C. SCHRIEFER, R.N., J.D.
Florida Bar No.: 835293
Primary e-mail:  CSchriefer@TheHealthLawFirm.com
Secondary e-mail:  CourtFilings@TheHealthLawFirm.com
TRIAL COUNSEL/LEAD ATTORNEY
ATTORNEY TO BE NOTICED
LANCE O. LEIDER, J.D., LL.M.
Florida Bar No.: 96408
Primary e-mail:  LLeider@TheHealthLawFirm.com
Secondary e-mail:  CourtFilings@TheHealthLawFirm.com
TRIAL COUNSEL/LEAD ATTORNEY
ATTORNEY TO BE NOTICED
THE HEALTH LAW FIRM
1101 Douglas Avenue
Altamonte Springs, Florida 32714
Telephone:  (407) 331-6620
Telefax:  (407) 331-3030
ATTORNEYS FOR PLAINTIFFS

GFI/pa
 S:\001-1699\002\002-ABMS Antitrust Suit\410-Pleadings-Drafts & Finals\Mot Enlgmt of Time Class Cert.wpd