# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### Ocala, Florida

DAVID ALLYN, M.D.,
JAMES V. LYNOTT, M.D.,
JOSEPH M. MASESSA, M.D.,
JEFFREY BAUER HORTON, M.D., J.D.,
and MONT JAY CARTWRIGHT, M.D.,                    **No.:** 5:18-cv-355-OC-30PRL

      Plaintiffs,

vs.

AMERICAN BOARD OF MEDICAL                    **Case Management Report**
SPECIALTIES, INC., an Illinois corporation,
and AMERICAN BOARD OF DERMA-
TOLOGY, INC., a Delaware corporation,
authorized to do business in Massachusetts,

      Defendants.

_____/


## CASE MANAGEMENT REPORT

    **1.**    **Meeting of Parties:**  Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on September 25, 2018, at 3:00 p.m. E.T., by telephone and was attended by:

| Name | Counsel for |
|---|---|
| George F. Indest III | All Plaintiffs |
| Lance O. Leider | All Plaintiffs |
| Jack R. Bierig | All Defendants |
| Benjamin I. Friedman | All Defendants |
| John Mandelbaum | American Board of Medical Specialties, Inc. |

**2.     Initial Disclosures:**

a.  Fed. R. Civ. P. 26(a)(1) as amended December 1, 2000 provides that "[e]xcept in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties:  (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defense, unless solely for impeachment, identifying the subjects of the information; (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment; (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under rule 34, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based including materials bearing on the nature and extent of injuries suffered; and (D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payment s made to satisfy the judgment."  Fed. R. Civ. P. 26(a)(1).[1]

The parties (check one)

____X____        have exchanged information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) or **agree to exchange such information twenty-one (21) days after resolution of Defendants' Dispositive Motion to Dismiss the Amended Complaint [Doc. 31].**

**3.       Discovery Plan - Plaintiffs:** The parties jointly propose the following Plaintiffs' discovery plan:

**Note:  The Parties concur that the following dates may need to be changed, depending on when the Court rules on the pending Motion to Dismiss.**

a.  Plaintiffs' Planned Discovery: A description of every discovery effort Plaintiff plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

---

[1]A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures. See Fed. R. Civ. P. 26(a)(1).

(1) <u>Requests for Admission:</u>  **The Plaintiff intends to serve requests for admissions upon each Defendant.  The number initially agreed to is 30 per Defendant.**

Number of Requests for Admission: Parties may seek to limit the number of Plaintiff's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.

(2)   <u>Written Interrogatories:</u>  **The Plaintiff intends to serve written interrogatories on each Defendant.  The number initially agreed to is 25 per Defendant.**

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

(3) <u>Requests for Production or Inspection:</u>  **The Plaintiffs intend to serve requests for production on each Defendant.  The number agreed to was: no limit.**

(4) <u>Oral Depositions:</u>  **Oral depositions will be initially limited to ten per side.  At the present time the Plaintiffs intend to take the deposition of each Defendant and each of the Defendants' experts.  The parties have agreed to negotiate or file an appropriate motion for any deposition times exceeding the times set forth in Rule 30(d)(1), Federal Rules of Civil Procedure.  Defendants object to more than two (2) expert depositions.  However, Plaintiffs desire to take the depositions of all of th Defendants' experts.**

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition

of the following individuals:  **None at this time (see above).**

b.  Disclosure of Expert Testimony: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

**The Parties agree that Plaintiffs will disclose Plaintiffs' expert witnesses by Tuesday, June 18, 2019, pursuant to Rule 26(a)(2)(C), Federal Rules of Civil Procedure.**

c. Supplementation of Disclosures and Responses: Parties agree that Plaintiffs' supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

**The Parties agree that the Plaintiffs will supplement Plaintiffs' discovery as required by Rule 26(e), Federal Rules of Civil Procedure.**

d. Completion of Discovery: Plaintiffs will commence all discovery in time for it to be completed on or before **Friday, October 18, 2019,** subject to further agreement of counsel for each party or upon further motion.

**4.     Discovery Plan - Defendants:** The parties jointly propose the following Defendants' discovery plan:

**Note:  The Parties concur that the following dates may need to be changed, depending on when the Court rules on the pending Motion to Dismiss.**

a.   Defendants' Planned Discovery:  A description of every discovery effort Defendants plan to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1) Requests for Admission:  **The Defendants intend to serve requests for admissions on Plaintiffs.  The number initially agreed to is 30 per Plaintiff.**

Number of Requests for Admission: Parties may seek to limit the number of Plaintiff's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.

(2) Written Interrogatories:  **The Defendants intend to serve written interrogatories on Plaintiffs.  The number initially agreed to is 25 per Plaintiff.**

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

(3)  Requests for Production or Inspection:  **The Defendants intend to serve requests for production upon Plaintiffs.  The number agreed to was:  no limit.**

(4)  Oral Depositions:  **At the present time the Defendants intend to take the deposition of each Plaintiff and each of the Plaintiffs' experts, subject to its objection that Plaintiffs may not have more than two (2) experts.  The parties have agreed to negotiate or file an appropriate motion for any deposition times exceeding the times set forth in Rule 30(d)(1), Federal Rules of Civil Procedure.**

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals: **None at this time.**

b. Disclosure of Expert Testimony: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

**The Parties agree that Defendants will disclose Defendants' expert witnesses and testimony by Tuesday, August 20, 2019, pursuant to Rule 26(a)(2)(C), Federal Rules of Civil Procedure.**

c. Supplementation of Disclosures and Responses: Parties agree that Plaintiff's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

**The Parties agree that the Defendants will supplement the Defendants'**

**discovery as required by Rule 26(e), Federal Rules of Civil Procedure.**

d. Completion of Discovery: Defendants will commence all discovery in time for it to be completed on or before **Friday, October 18, 2019,** subject to further agreement of counsel for each party or upon further motion.

5.      Joint Discovery Plan - Other Matters:  **The Parties agree on the following other matters relating to discovery:**

**The parties agree to cooperate in good faith in exchanging discovery and in scheduling/rescheduling depositions and any other events required.  The parties understand and agree that this schedule is preliminary and may need adjustment as discovery progresses.**

**The Parties also agree that no discovery will be conducted until resolution of the pending Motion to Dismiss is reached.**

**The Parties further agree to prepare and execute a confidentiality order.**

6.      Disagreement or Unresolved Issues Concerning Discovery Matters: Any disagreement or unresolved issue will not excuse the establishment of discovery completion dates. The parties are unable to agree as to the following issues concerning discovery:

**None known at this time.**

7.      Third Party Claims, Joinder of Parties, Potentially Dispositive Motions:  Parties agree that the final date for filing:

**Note:  The Parties concur that the following dates may need to be changed, depending on when the Court rules on the pending Motion to Dismiss**

a.  motions for leave to file third party claims and/or motions to join parties should be **45 days prior to Plaintiffs' disclosure of expert witnesses and testimony, calculated as Friday, May 3, 2019.**

b.  motions for summary judgment and all other potentially dispositive motions should be **90 days prior to trial, calculated as Friday, October 18, 2019.**

8.      Settlement and Alternative Dispute Resolution: Pursuant to Local Rule 3.05(c)(2)(C)(v), the parties submit the following statement concerning their intent regarding Alternative Dispute Resolution:

Parties agree that settlement is

_____ likely     (check one)
___X_____ unlikely.

Parties agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b).

**No, the Parties do <u>not</u> agree to binding arbitration of this dispute.**

If binding arbitration is not agreed to, the court may order nonbinding arbitration pursuant to Chapter Eight of the Local Rules of the Middle District of Florida, mediation pursuant to Chapter Nine of the Local Rules of the Middle District of Florida, or both.

9. <u>Consent to Magistrate Judge Jurisdiction:</u> The parties agree to consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial. See 28 U.S.C. § 636.

**No, the Parties do <u>not</u> agree to consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial of this matter.**

10. <u>Preliminary Pretrial Conference:</u>

Track Two Cases: Parties
_____ request           (check one)

___X_____ do not request a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case **unless the Court concludes that it would be useful. However, if the Defendants' currently pending Motion to Dismiss is denied in any part, then the Parties request that the Court hold a preliminary Case Management Conference shortly after the Court decides Defendants' Motion.**

Unresolved issues to be addressed at such a conference include:  **The Parties are in disagreement as to the number of hours trial is expected to take.**

11. <u>Final Pretrial Conference and Trial:</u>

**Note:  The Parties concur that the following dates may need to be changed, depending on when the Court rules on the pending Motion to Dismiss**

Parties agree that they will be ready for a final pretrial conference on or after **January 3, 2020**, and for trial on or after **January 13, 2020**

**Plaintiffs estimate that this Jury trial will take approximately 80 hours (ten eight-hour days).  If 80 hours is scheduled, Plaintiffs request 55 hours of time for their case. However, Defendants estimate that trial will only take approximately 40 hours (five**

**eight-hour days).  Defendants request that all trial time be spit evenly between the parties.**

12.     <u>Pretrial Disclosures and Final Pretrial Procedures:</u> Parties acknowledge that they are aware of and will comply with pretrial disclosures requirements in Fed. R. Civ. P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

13.     <u>Other Matters:</u>  **None known at this time.**

14.     Counsel for Defendants and counsel for Plaintiff have jointly prepared, reviewed and agreed to this Case Management Report, have signed it and authorized counsel for Plaintiffs to submit this report on behalf of the Parties.  Counsel for Defendants has provided his consent to Plaintiffs' counsel's filing this report.

Dated:  October 11, 2018

/s/ **George F. Indest III**

_____
**GEORGE F. INDEST III, J.D., M.P.A., LL.M.**
Florida Bar No.:  382426
Primary e-mail:  GIndest@TheHealthLawFirm.com
Secondary e-mail:  CourtFilings@TheHealthLawFirm.com
TRIAL COUNSEL/LEAD ATTORNEY
ATTORNEY TO BE NOTICED
**CAROLE C. SCHRIEFER, R.N., J.D.**
Florida Bar No.:  835293
Primary e-mail:  CSchriefer@TheHealthLawFirm.com
Secondary e-mail:  CourtFilings@TheHealthLawFirm.com
TRIAL COUNSEL/LEAD ATTORNEY
ATTORNEY TO BE NOTICED
**LANCE O. LEIDER, J.D., LL.M.**
Florida Bar No.:  96408
Primary e-mail:  LLeider@TheHealthLawFirm.com
Secondary e-mail:  CourtFilings@TheHealthLawFirm.com
TRIAL COUNSEL/LEAD ATTORNEY
ATTORNEY TO BE NOTICED
**THE HEALTH LAW FIRM**
1101 Douglas Avenue
Altamonte Springs, Florida 32714
Telephone:  (407) 331-6620
Telefax:  (407) 331-3030

ATTORNEYS FOR PLAINTIFFS

Jack R. Bierig
Benjamin I. Friedman
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, Illinois 60603
Telephone No. (312) 853-7000
Facsimile No. (312) 853-7036
E-mail:  jbierig@sidley.com
E-mail:  benjamin.friedman@sidley.com
Admitted *Pro Hac Vice*

Russell W. LaPeer
**LANDT, WIECHENS, LaPEER
& AYERS LLP**
Florida Bar No. 200530
445 N.E. 8th Avenue
Ocala, Florida 34470
Telephone No. (352) 732-8622
Facsimile No.  (352) 732-1162
Primary E-mail:  RLapeer@aol.com
Secondary E-mail: LawSec70@yahoo.com
*Local Counsel for Defendants*

GFI/pa
S:\001-1699\002\002-ABMS Antitrust Suit\410-Pleadings-Drafts & Finals\Case Management Report\Case Management Report-rev10.wpd