UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | |
|---|---|
| DAVID ALLYN, *et al.*<br><br>     Plaintiffs,<br><br>     v.<br><br>AMERICAN BOARD OF MEDICAL SPECIALTIES, INC., *et al.*<br><br>     Defendants. | Case no. 5:18-cv-00355-JSM-PRL |

**DEFENDANTS' MOTION FOR LEAVE TO FILE REPLY BRIEFS IN SUPPORT OF THEIR MOTIONS TO DISMISS AND FOR COSTS AND FEES**

Defendants American Board of Medical Specialties ("ABMS") and American Board of Dermatology ("ABD") respectfully seek leave to file a reply brief, not to exceed 12 pages, in support of their Dispositive Motion to Dismiss the Amended Complaint (Dkt. 31) and a reply brief, not to exceed 7 pages, in support of their Motion for Costs and Attorneys' Fees (Dkt. 33). Defendants request permission to file these reply briefs within two weeks of the Court's Order, should this Court grant this motion. In support of this motion, Defendants state the following:

1.     On September 24, 2018, defendants filed a motion to dismiss because plaintiffs' claims are based on alleged harms that have not occurred and may never occur—and, in any event, fail to state a claim. At the same time, defendants filed a motion for costs and attorneys' fees, based on plaintiffs' filing of pleadings rife with knowingly false allegations that have unreasonably and vexatiously multiplied the proceedings.

2.     On October 19, 2018, Plaintiffs filed their responses to each of these motions.

1

(Dkt. 43 & 45.)

3. Good cause exists to allow defendants to respond to the multiple mischaracterizations and misstatements of law and fact raised in plaintiffs' response briefs. These mischaracterizations and misstatements could not have been anticipated and thus could not have been fully addressed in defendants' opening briefs. *See, e.g., Ottaviano v. Nautilus Insurance Co.*, No. 8:08-CV-2204T33TGW, 2009 WL 425976 (M.D. Fla. Feb. 19, 2009). Should the Court permit reply briefs in support of defendants' motions, defendants would identify and respond to critical errors in plaintiffs' briefs, including the following:

a. For the motion to dismiss, plaintiffs' main response on ripeness is to suggest that the case may very soon be ripe for adjudication, because the ABMS may soon approve the ABD's application to create a Micrographic Dermatologic Surgery, or "MDS," subspecialty certification. But the lack of a justiciable controversy at the time of filing cannot be cured by post-filing developments. Even if it could, however, the harms that plaintiffs allege are limited to speculation regarding downstream decisions of hospitals and payors that have not been and may never be made. Moreover, nothing in plaintiffs' response identifies any plausible allegation of harm to competition (as opposed to particular competitors), and plaintiffs cite case law that has nothing to do with their claims—such as cases involving the "capable of repetition yet evading review" exception to mootness or antitrust immunity for state actors. Moreover, plaintiffs fail to distinguish applicable case law holding that a certifying body's decisions do not give rise to antitrust liability. Finally, plaintiffs have failed to identify a single false or deceptive statement made by defendants, which is an essential element of their claim under the Florida Deceptive and Unfair Trade Practices Act. In a reply

2

brief, defendants would explain the bases for these assertions.

    b. For the motion for costs and fees, plaintiffs imply that they independently corrected any misstatements in their original filings and that defendants unreasonably refused to accept a proposed abatement of proceedings. But plaintiffs' position fails to account for the fact that the Amended Complaint was not filed under *after* defendants' original motion to dismiss—a motion that could have been avoided if an amendment had been forthcoming. It also overlooks the blatant falsities that remain in the Amended Complaint. Again, a reply brief is needed to explain the basic errors in plaintiffs' position.

    4. Defendants respectfully submit that a reply brief of up to 12 pages in support of their motion to dismiss, filed within two weeks of an Order granting this motion, will assist the Court by providing a full response to the incorrect but new points raised for the first time in plaintiffs' response brief. Likewise, a reply brief of up to 7 pages in support of defendants' motion for costs and fees will clarify the issues before the Court that bear on its decision.

    5. For the foregoing reasons, defendants respectfully request that this Court grant them leave to file reply briefs as set forth above.

## LOCAL RULE 3.01 CERTIFICATE OF CONFERRAL

  Defendants sought the consent of plaintiffs' counsel to this motion. However, plaintiffs' counsel refused to consent unless defendants agreed to the filing of surreply briefs by plaintiffs. Defendants believe that plaintiffs' proposed condition is improper and therefore refused to agree to it.

3

| | |
|---|---|
| Dated:  October 25, 2018 | Respectfully submitted, |

Russell LaPeer
**LANDT, WIECHENS, LaPEER,**
**& AYRES LLP**
Florida Bar no. 200530
445 N.E. 8th Avenue
Ocala, Florida 34470
Telephone No.  (352) 732-8622
Facsimilie No.  (352) 732-1162
rlapeer@aol.com &
lawsec70@yahoo.com

*/s/ Jack R. Bierig*
Jack R. Bierig
Benjamin I. Friedman
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, Illinois 60603
Telephone No.  (312) 853-7000
Facsimile No.   (312) 853-7036
jbierig@sidley.com
benjamin.friedman@sidley.com

Admitted *Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 25, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record in this case.

    /s/ Jack R. Bierig
Jack R. Bierig
Benjamin I. Friedman
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, Illinois 60603
Telephone No. (312) 853-7000
Facsimile No. (312) 853-7036
jbierig@sidley.com
benjamin.friedman@sidley.com

Admitted *Pro Hac Vice*