**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**Ocala, Florida**

DAVID ALLYN, M.D.,
JAMES V. LYNOTT, M.D.,
JOSEPH M. MASESSA, M.D.,
JEFFREY BAUER HORTON, M.D., J.D.,
and MONT JAY CARTWRIGHT, M.D.,          **No.:** 5:18-cv-355-Oc-30PRL

        Plaintiffs,

vs.

AMERICAN BOARD OF MEDICAL
SPECIALTIES, INC., etc., et al.,

        Defendants.

_____/

## SUPPLEMENTAL AFFIDAVIT OF DAVID ALLYN, M.D., IN SUPPORT OF

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS

I, David Allyn, M.D., having been duly sworn, do hereby declare and state as follows:

1.     My name is David Allyn, M.D. I am a medical doctor licensed in the state of Florida. I am also board certified in the medical specialty of dermatology by the American Board of Dermatology, Inc. I reside in and practice dermatology in Clermont, Florida.

2.     I am one of the named Plaintiffs in the action against the American Board of Medical Specialties, Inc. ("ABMS"), and the American Board of Dermatology, Inc. ("ABD") captioned above.

3.     On October 26, 2018, Defendant ABMS's Board of Directors approved the creation of the Micrographic Dermatologic Surgery ("MDS"), also known as "Mohs Surgery," as a medical subspecialty of the medical specialty of Dermatology. As approved, the subspecialty of Mohs Surgery or MDS will be under the total control and authority of Defendant ABD, as of October 26, 2018. Exhibit "A."

4.      The requirements for applying for and being certified by the American Board of Dermatology (ABD) are currently set forth on its website.  Attached as Exhibit "A" is a true and correct copy of these requirements from the ABD website.

5.      At the outset, it should be noted that the subspecialty of certification of MDS has been limited to only physicians who "hold primary certification in general dermatology from ABD [American Board of Dermatology]."  Exhibit "A."

6.      This requirement approved by the Defendants <u>automatically excludes</u> those physicians whose primary certification is in:

a.      General Surgery;
b.      Plastic Surgery;
c.      Surgical Oncology;
d.      Ophthalmology;
e.      Otolaryngology;
f.      Family Practice;  and
g.      Any other medical specialty other than dermatology.

This would automatically exclude two (2) of the named Plaintiffs in this suit, one who is a plastic surgeon and one who is an ophthalmologist, even though they are currently practicing MDS.  This exclusion is capricious, arbitrary and artificial has no legitimate purpose other than to exclude competitors of board certified dermatologists.  It is for the purpose of reducing competition for the financial gain of those within the specialty of dermatology.

7.      Another of the requirements, approved by Defendant ABMS and being enforced by Defendant ABD, is that any physician to be approved for the MDS subspecialty must demonstrate that physician's experience by either:  1)  successfully completing an ACGME [American Council for Graduate Medical Education] accredited "MSDO [sic] fellowship" in Mohs Surgery or  2)  attesting to:  "practicing micrographic surgery."  The ABD's published requirements do not explain what a "MSDO fellowship" is.  Exhibit "A."

8.      However, the self-attest eligibility practice pathway discussed above is only available during an initial five (5) year eligibility period.

9.      After the five (5) year period, any board certified dermatologist such as myself, who had not been able to take and pass the MDS certification examination, would then be excluded from applying.  Exhibit "A."  This is also a capricious, arbitrary and completely artificial restriction.  It has no legitimate purpose other than to further exclude competitors of those who have been able to become certified in the subspecialty of MDS.  It would artificially exclude even board certified dermatologists who have an abundance of experience in performing MDS or Mohs Surgery procedures.  It is for the purpose of reducing competition for the financial gain of those who are certified in MDS by Defendant ABD.

10.     The approval of the MDS subspecialty also imposes new, overly burdensome conditions on physicians who wish to maintain their certification in the new subspecialty.  It includes the requirement that the physician in the new subspecialty agree to participate in the ABD's Maintenance of Certification (MOC) program for the subspecialty.  This is a costly and time-consuming requirement that most board certified physicians do not believe is necessary. However, it is believed to produce a great deal of income for the ABMS and the ABD, well in excess of $75,000 per year.

11.     Mandatory participation in the MOC program is currently the subject of a completely separate antitrust class action lawsuit against the American Board of Medical Specialties.

12.     There are also, for example, a number of senior board certified dermatologists who have a lifetime certificate that exempts them from having to participate in the MOC for general dermatology.  Under the new requirements for the MDS subspecialty, this will not matter.  All will be required to participate in the MOC for Mohs surgery.

13.     The passage of the MDS subspecialty, with its requirements as set forth in Exhibit "A," will harm competition by making only diplomates of the ABD eligible for certification, ultimately increasing the cost of healthcare services to patients and the public.

14.     Furthermore, the past actions of Defendants ABMS and ABD, as well as the other Unnamed Coconspirators, continuing through the present, are for the purpose of further reducing the number of board certified dermatologists who can become certified in Mohs surgery or MDS. This is to eliminate competition and no other reason.

15.     The past actions of Defendants ABMS and ABD, as well as the other Unnamed Coconspirators, continuing through the present are for the purpose of completely preventing those physicians who are in other medical specialties, such as plastic surgeons, ophthalmologists, surgical oncologists, otolaryngologists (ENTs), and others currently performing Mohs Surgery (or MDS) from becoming certified MDS and from being able to perform it.  This is to eliminate competition and no other reason.

16.     The past actions of Defendants ABMS and ABD, as well as the other Unnamed Coconspirators, are for the purpose of artificially eliminating competition and are solely for monetary gain.  Their past actions, continuing through the present, damage the market and injure competition in providing the Mohs Surgery procedure.

17.     I am a person over 18 years of age, of sound mind, and competent to make this statement.  I have personal knowledge of the facts stated herein.

Page 3

AND FURTHER AFFIANT SAYETH NOT.



Signature

**DAVID ALLYN, M.D.**

STATE OF FLORIDA )

)

COUNTY OF _LaKe_ )

## NOTARIZATION

The foregoing was sworn to and subscribed before me, an officer duly authorized in the State of Florida, to take oaths and acknowledgments, by David Allyn, M.D., the same either personally known to me or who produced satisfactory identification and who did take an oath. Done this _9th_ day of November 2018.

Tawanna McCaulley
NOTARY PUBLIC
STATE OF FLORIDA
Comm# GG036225
Expires 10/10/2020

(Stamp/Seal)

Notary Public
Print Name: _Tawanna McCaulley_
My Commission Expires: _10/10/2020_

**ATTACHMENT:**

Exhibit "A"    Announcement by ABD of approval of MDS subspecialty on Oct. 26, 2018, from ABD's website: https://www.abderm.org/public/announcements/mds-subspecialty-certification-approved.aspx (as of 11/9/2018)



The ABD is pleased to announce that the ABMS Board of Directors approved the creation of the Micrographic Dermatologic Surgery (MDS) as a subspecialty of Dermatology at its meeting on Friday, October 26.

The American Board of Dermatology submitted an application to the American Board of Medical Specialties (ABMS) requesting the creation of a new subspecialty in Micrographic Dermatologic Surgery earlier this year. As with all such subspecialty filings, there was a public comment period this summer, where diplomates and other stakeholders provided feedback to ABMS about the possibility of a new ABD subspecialty.

Candidates for the Micrographic Dermatologic Surgery subspecialty certification must:
1. Possess a current, valid, full and unrestricted license to practice medicine or osteopathy in at least one state or province within the United States or Canada;
2. Hold primary certification in general dermatology from ABD;
3. Be up to date in Maintenance of Certification (MOC) if certification by ABD is time-limited;
4. Demonstrate experience in the subspecialty by:
     successfully completing the ACGME-accredited MSDO fellowship
        OR
     during an initial 5-year practice pathway eligibility period only, attesting to practicing micrographic surgery;* and
5. Pass the MDS certification examination.

* The self-attest eligibility practice pathway is available during the first five years in which the exam is offered. After this time, any dermatologist who wishes to become certified in MDS must successfully complete the ACGME fellowship in MSDO to be eligible to sit for the subspecialty certification exam.

Non-time-limited ("lifetime") general dermatology certificate holders who wish to become certified in the Micrographic Dermatologic Surgery subspecialty will need to sit for the new subspecialty certification exam. If they pass the subspecialty exam, they will earn a time-limited MDS certificate and enter MOC for the subspecialty. Non-time-limited certificate holders will not be required to take the General Dermatology module of the MOC Exam to maintain their new MDS certificate, but must fulfill all other components of MOC. In addition, their general dermatology certificate will remain non-time-limited.

To learn more about the new MDS subspecialty and what it means for the ABD diplomate community, please visit the FAQ (/residents-and-fellows/fellowship-training/micrographic-dermatologic-surgery-mds-questions-and-answers-1.aspx) page on our website.



## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have filed this document electronically with the Clerk of Court via the CM/ECF System, which automatically serves all counsel of record on this 9th day of November 2018.

/s/  George F. Indest

_____
**GEORGE F. INDEST III, J.D., M.P.A., LL.M.**
Florida Bar No.:  382426
Primary e-mail:  GIndest@TheHealthLawFirm.com
Secondary e-mail:  CourtFilings@TheHealthLawFirm.com
TRIAL COUNSEL/LEAD ATTORNEY
ATTORNEY TO BE NOTICED
**LANCE O. LEIDER, J.D., LL.M.**
Florida Bar No.:  96408
Primary e-mail:  LLeider@TheHealthLawFirm.com
Secondary e-mail:  CourtFilings@TheHealthLawFirm.com
TRIAL COUNSEL/LEAD ATTORNEY
ATTORNEY TO BE NOTICED
**THE HEALTH LAW FIRM**
1101 Douglas Avenue
Altamonte Springs, Florida 32714
Telephone:  (407) 331-6620
Telefax:  (407) 331-3030
**ATTORNEYS FOR PLAINTIFFS**