## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

DAVID ALLYN, *et al.*

    Plaintiffs,

    v.

AMERICAN BOARD OF MEDICAL SPECIALTIES, INC., *et al.*

    Defendants.

Case no. 5:18-cv-00355-JSM-PRL

## DEFENDANTS' OBJECTION TO SUPPLEMENTAL AFFIDAVIT OF DAVID ALLYN, M.D. IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS

Russell LaPeer
**LANDT, WIECHENS, LaPEER,**
**& AYRES LLP**
Florida Bar no. 200530
445 N.E. 8th Avenue
Ocala, Florida 34470
Telephone No. (352) 732-8622
Facsimilie No. (352) 732-1162
rlapeer@aol.com &
lawsec70@yahoo.com

Jack R. Bierig
Benjamin I. Friedman
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, Illinois 60603
Telephone No. (312) 853-7000
Facsimile No. (312) 853-7036
jbierig@sidley.com
benjamin.friedman@sidley.com

Admitted *Pro Hac Vice*

## INTRODUCTION

Defendants American Board of Medical Specialties ("ABMS") and American Board of Dermatology ("ABD") hereby object to the Supplemental Affidavit of David Allyn, M.D (ECF No. 50) ("Affidavit"). The Affidavit was filed in violation of Local Rule 3.01(c), and it contains material and argument that are inadmissible. Accordingly, defendants respectfully request that the Court not consider the Affidavit when deciding defendants' motion to dismiss.

### I.     Under Local Rule 3.01(c), Plaintiffs' Supplemental Affidavit Is Improper.

Although styled as a "Supplemental Affidavit," the Affidavit sets forth a series of arguments in opposition to defendants' motion to dismiss. Thus, for example, paragraph six notes that certification in Micrographic Dermatologic Surgery ("MDS") is open only to Board certified dermatologists, and argues that the exclusion of other specialties is "capricious, arbitrary and artificial [and] has no legitimate purpose other than to exclude competitors of board certified dermatologists." Aff. ¶ 6. Similarly, paragraph 9 argues that leaving the practice pathway open for only five years "is also a capricious, arbitrary and completely artificial restriction" that "has no legitimate purpose other than to further exclude competitors of those who have been able to become certified in the subspecialty of MDS." Aff. ¶ 9. Paragraphs ten through sixteen contain a number of additional, and largely irrelevant, arguments.

By including these arguments, plaintiffs have used the Affidavit as a *de facto*—and unauthorized—surreply brief, filed even before defendants filed their reply. This effort is in violation of the Rules of this Court. Specifically, Local Rule 3.01(c) provides that "[n]o party shall file any reply or further memorandum directed to the motion or response allowed in (a) and (b) unless the Court grants leave." This Rule cannot be avoided simply by styling a filing

1

as a "Supplemental Affidavit." *See Modis, Inc. v. Beckwith*, No. 3:07-CV-1125-J-20JRK, 2008 WL 11434460, at *2 (M.D. Fla. Mar. 5, 2008) (parties "must first seek leave of Court to file [a] Supplemental Affidavit"); *Wells v. Xpedx, a Div. of Int'l Paper Co.*, No. 8:05CV2193 TEAJ, 2006 WL 3133984, at *1 n.1 (M.D. Fla. Oct. 31, 2006) (parties need permission before filing supplemental affidavits). Absent permission from the Court, such a filing is inappropriate and should not be considered when deciding defendants' motion. *See Modis*, 2008 WL 11434460, at *2 (striking supplemental affidavit); *Wells*, 2006 WL 3133984, at *1 n.1 (Supplemental Affidavit was improper because "Defendant did not request, nor did the court permit Defendant to file any supplemental affidavits").

## II.     The Supplemental Affidavit Contains Inadmissible Material.

Even if plaintiffs had sought leave to file the Affidavit, leave should have been denied because the Affidavit contains inadmissible material. At the motion to dismiss stage, this Court can "consider only those portions of the . . . [a]ffidavit that set forth specific factual declarations within the affiant's personal knowledge." *Posner v. Essex Ins. Co. Ltd.*, 178 F.3d. 1209, 1215 (11th Cir. 1999); *accord Story v. Sunshine Foliage World, Inc.*, 120 F. Supp. 2d 1027, 1030 (M.D. Fla. 2000). So, when an affidavit contains "a conclusory argument rather than a statement of fact, or when the affidavit is not based on personal knowledge," the Court must strike it. *Story*, l120 F. Supp. 2d at 1030; *accord Triaxal Medical Inc. v. Stringham*, No. 611CV1278ORL22GJK, 2012 WL 13103114, at *4 (M.D. Fla. Nov. 20, 2012) (refusing to consider affidavit that "contain[ed] numerous conclusory allegations"). Such is the case here.

As explained *supra*, nearly half of the Affidavit contains argument that is not the proper subject of an affidavit. *See* Aff. ¶¶ 6, 9, 10, 13, 14, 16; *see also Interfase Marketing,*

*Inc. v. Pioneer Technologies Group, Inc.*, No. 91–572–CIV–T–17A, 1993 WL 229601, at *2 (M.D. Fla. June 23, 1993) ("An affidavit must be stricken when it is a conclusory argument rather than a statement of fact."). It is also unlikely that the assertions in these paragraphs are based on Dr. Allyn's personal knowledge. Dr. Allyn does not reveal, for example, what personal knowledge underlies his belief that defendants have acted "for the purpose of" reducing the number of board certified dermatologists and physicians in other specialties that can perform MDS. Aff. ¶¶ 14 & 15.

Because the Affidavit contains improper argument and facts that are not based on personal knowledge, the Court should disregard it when ruling on defendants' motion to dismiss.

### III. The Supplemental Affidavit Does Not Establish That This Case Is Ripe.

The only fact in the Affidavit that is proper under the Rules of this Court is that, on October 26, 2018, ABMS approved the application to issue sub-certification for MDS. Of course, defendants brought this fact to the attention of the Court in their reply brief. *See* ECF No. 51 at 3 n.1. In any event, approval of the MDS application does not make this case ripe for adjudication. In the wake of ABMS's approval of the application, no one—not a hospital, insurer, or third-party payor—has used the existence of an MDS sub-certification to limit plaintiffs' ability to perform Mohs Surgery. Plaintiffs still have not suffered any harm, and may well never suffer any harm, as a result of the creation of the MDS sub-certification. Thus, any harm is as speculative now as it was before ABMS acted on the MDS application.

## CONCLUSION

For the reasons set forth above, this Court should disregard the Supplemental Affidavit of Dr. Allyn and strike it from the docket.

Dated:  November 16, 2018                                             Respectfully submitted,

| | |
|---|---|
| Russell LaPeer | */s/ Jack R. Bierig* |
| **LANDT, WIECHENS, LaPEER,** | Jack R. Bierig |
| **& AYRES LLP** | Benjamin I. Friedman |
| Florida Bar no. 200530 | **SIDLEY AUSTIN LLP** |
| 445 N.E. 8th Avenue | One South Dearborn |
| Ocala, Florida 34470 | Chicago, Illinois 60603 |
| Telephone No.  (352) 732-8622 | Telephone No.  (312) 853-7000 |
| Facsimilie No.  (352) 732-1162 | Facsimile No.   (312) 853-7036 |
| rlapeer@aol.com & | jbierig@sidley.com |
| lawsec70@yahoo.com | benjamin.friedman@sidley.com |
| | |
| | Admitted *Pro Hac Vice* |

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 16, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record in this case.

        */s/ Jack R. Bierig*
Jack R. Bierig
Benjamin I. Friedman
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, Illinois 60603
Telephone No.  (312) 853-7000
Facsimile No.  (312) 853-7036
jbierig@sidley.com
benjamin.friedman@sidley.com

Admitted *Pro Hac Vice*