IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Ocala, Florida

| | |
|---|---|
| DAVID ALLYN, M.D.,<br>JAMES V. LYNOTT, M.D.,<br>JOSEPH M. MASESSA, M.D.,<br>JEFFREY BAUER HORTON, M.D., J.D.,<br>and MONT JAY CARTWRIGHT, M.D., | **No.:**  5:18-cv-355-Oc-30PRL |
| Plaintiffs, | |
| vs. | |
| AMERICAN BOARD OF MEDICAL<br>SPECIALTIES, INC., an Illinois corporation,<br>and AMERICAN BOARD OF<br>DERMATOLOGY, INC., a Delaware<br>corporation, authorized to do business in<br>Massachusetts, | **Sur-Reply in Opposition to Defendants'**<br>**Reply in Support of Motion for Costs**<br>**and Attorneys' Fees** |
| Defendants.<br>_____/ | |

## PLAINTIFFS' SUR-REPLY IN OPPOSITION TO DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR COSTS AND ATTORNEYS' FEES, OR ALTERNATIVELY, FOR AN ORDER REQUIRING PLAINTIFFS TO POST A BOND [DOC. 53]

**COME NOW** Plaintiffs in the above-referenced matter, by any through their undersigned counsel, and file this Sur-reply in Opposition to Defendants' Reply in Support of Their Motion for Costs and Attorneys' Fees, or, Alternatively, for an Order Requiring Plaintiffs to Post a Bond ("Reply in Support of Motion for Attorney's Fees") [Doc. 53], and state as follows:

## INTRODUCTION

1. Defendants, for all their bluster and inflammatory rhetoric, offer little to no substance in their quest for an attorneys' fees against Plaintiffs. Defendants rant and rail against Plaintiffs stating that they did not act reasonably in pursuit of this action even when Defendants made unreasonable and unverifiable demands of Plaintiffs.

2. Specifically, Defendants state numerous times that the original Complaint and Amended Complaint were "verified." Following Defendants' apparent interpretation, a "verified" complaint (or amended complaint) cannot have a single factual error. If it does have an error, that is, apparently, not a matter for the trier of fact, but a "falsehood."

3. "Falsehood" is simply another word for a lie. Defendants, without any regard for scienter, freely accuse the undersigned and Plaintiffs of lying under oath or, in the case of Plaintiffs' counsel, being in dereliction of their duty to the Court and their oath as attorneys.

4. Neither Plaintiffs nor the undersigned can say they are surprised by this denigrating tactic as counsel for Defendants has gleefully played the part of the "Rambo litigator" since the parties' introductory telephone conference.

5. Defendants' liberal use of hyperbole and inflammatory language are the cheapest kind of diversion intended to conceal the lack of merit of their claim for attorneys' fees and the arguments raised in their Reply in support of that request. In fact, for at least the last decade in this circuit and for the last thirty-two (32) years in other circuits, precedent specifically states that 28 U.S.C. § 1927 sanctions <u>are</u> <u>simply</u> <u>not</u> <u>available</u> <u>for</u> <u>initial</u> <u>pleadings</u>.

**ARGUMENT**

**I.**     **Plaintiffs did not "Force" any Course of Action Upon Defendants**

Plaintiffs acted reasonably in response to the demands of Defendants beginning with the parties' initial telephone conference. Contrary to the assertions of defense counsel, Plaintiffs were eminently reasonable in the conduct of the case. Defendants and their counsel talk of many actions which they were "forced" to take. However, it was Defendants who rejected Plaintiffs' offer to abate the proceedings and avoid the costs about which Defendants now complain.

Defendants' Reply states at page 2: "defense counsel had brought to Plaintiffs' attention numerous other falsehoods in the original complaint to which defendants were required to respond." [Doc. 52, p. 2]. However, neither in the original Motion for Attorneys' Fees, nor in the Reply, did Defendants actually point to an e-mail, letter, or telephone conference where a list of purported "falsehoods" were spelled out and asked to be retracted or corrected. [*See* Docs. 33 & 52]. Again, the definition of the word "falsehood" is crucial. Defendants seem to base their claim for attorneys' fees on the assumption that either Plaintiffs or the undersigned deliberately lied in the original Complaint and the Amended Complaint, a false assumption.

Not only is the argument not true, there is no evidence to support such an offensive conclusion. When the undersigned asked Defendants to provide a list of facts they deemed to be erroneous in the original Complaint, counsel for Defendants stated Plaintiffs would see this when they got the Motion to Dismiss. While Plaintiffs freely admit they misapprehended some of the facts of Defendants' complicated certification process, there is simply no evidence those mistakes were anything more than, at worst, minor, insubstantial errors. In either event, the mistakes were corrected in the Amended Complaint, much to the chagrin of the Defendants.

The standard for imposing fees under 28 U.S.C. § 1927 is that Defendants must prove Plaintiffs or their counsel exhibited "bad faith or vexatiousness in the filing of an unsupported claim." *Moore v. Western Surety Co.*, 140 F.R.D. 340, 349 (N.D. Miss. 1991).  Before it can impose a § 1927 award, Eleventh Circuit case law requires the Court find the undersigned committed unreasonable and vexatious conduct, and that the conduct multiplied the proceedings. *Id*.  No such findings can be made in this case.

Examples of Plaintiffs' good faith conduct and lack of vexatiousness include, but are not limited to: after reviewing the Court's Order on its TRO withdrew the motion so that no further litigation on it was necessary; and after conducting a good faith conference with Defendants' counsel, Plaintiffs offered to abate the case so as to allow time for the ABMS to review and accept COCERT's recommendation for MDS certification.  Plaintiffs made the foregoing offer even though they and Defendants both knew that acceptance of the COCERT recommendation and subsequent approval of the MDS subspeciality were foregone conclusions.  Now, just as Plaintiffs alleged in both the Complaint and Amended Complaint, ABMS approved the request on October 26, 2018, making it a reality.

Defendants, however, try to paint themselves as the victim of unscrupulous litigators. After all, that is the purpose of § 1927 sanctions, to punish the vexatious litigant.  However, Defendants' hands are not in any way clean, as they would have the Court believe.  Defendants' primary argument in their Reply is that because Plaintiffs did not file the Amended Complaint *before* they filed the Motion to Dismiss, Plaintiffs, in essence, forced Defendants to file the motion.  It is unfortunate and, perhaps, embarrassing that Defendants seemed to be unaware of the Federal Rules of Civil Procedure, specifically Rule 15(a)(1)B.

4

Defendants' position from the first minute of the parties' initial telephone conference was that nothing other than prompt dismissal would be acceptable to them. Defense counsel adopted a confrontational attitude, spoke in harsh and raised tones, threatened to pursue sanctions at every possible opportunity, and was dismissive of any resolution to the problem short of dismissal. As mentioned previously, defense counsel claimed the Complaint was replete with errors, but refused to offer any substantive points of reference. While it is true that Defendants are not obligated to informally point out factual issues with a complaint, Defendants should not be permitted to adopt a position through which they can seek sanctions for alleged harm they were in the last best position to avoid.

## II. Sanctions under 28 U.S.C. § 1927 Cannot be Applied to Initial Pleading

Defendants seek sanctions for the filing of the initial Complaint. Defendants point to 28 U.S.C. § 1927 as the primary ground for these sanctions. Unfortunately for them, federal district and appellate courts have consistently held that § 1927 sanctions are not available for initial pleadings. *See Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 786 (11th Cir. 2006); *Inversiones y Procesadora Tropical INPROSTA, S.A. v. Del Monte Int'l GMBH*, 2018 U.S. Dist. LEXIS 152115 *17 (S.D. Fla. Sept. 4, 2018); *Moore v. Keegan Mgmt. Co.*, 78 F.3d 431, 435 (9th Cir. 1996); *Zaldivar v. City of L.A.*, 780 F.2d 823, 831 (9th Cir. 1986).

Sanctions under § 1927 are directed at the unreasonable and vexatious multiplication of proceedings. *Peer v. Lewis*, 606 F.3d 1306, 1314 (11th Cir. 2010). "[T]he language of § 1927 makes clear that it only applies to unnecessary filings after the lawsuit has begun." *Macort*, 208 Fed. Appx. at 786. Accordingly, the initial Complaint filed in this case cannot count towards the multiplication of proceedings. The Complaint is considered an initial pleading under the Federal

5

Rules of Civil Procedure. And an Amended Complaint, referring back to the initial Complaint, is specifically authorized by Rule 15(a)(1)B, Federal Rules of Civil Procedure. Based on the preceding, the Court may only consider conduct and papers filed *after* the initial pleadings when assessing a request for an award of § 1927 sanctions. *See Macort*, 208 Fed. Appx. at 786; *Inversiones*, 2018 U.S. Dist. LESIX 152115 at *17; *Moore*, 78 F.3d at 435; *Zaldivar*, 780 F.2d at 831.

### III.    Plaintiffs' Amended Complaint does not Repeat Inaccurate Statements

Defendants' last claim in their Reply is that the Amended Complaint repeats many of the same "inaccuracies" contained in the original Complaint. [Doc. 52, pp. 4-5]. Specifically, Defendants claim the following passage is a restatement of prior factual errors:

> Under the plan that Defendants are considering, in order to become a member and be certified by the proposed Mohs Surgery subspecialty, a physician would have to . . . have a separate fellowship specifically in Mohs surgery, . . . [even if that physician] had already completed a residency program in dermatology and was already board certified as a dermatologist [by ABD].

[Doc. 52, p. 4] (edits supplied by Defendants).

As the basis for their "falsity" claims, Defendants attempt to point out that the Mohs subspecialty has a practice pathway to certification. However, as Defendants also pointed out, the practice pathway is for current ABD certified dermatologists practicing Mohs Surgery. The practice pathway does not exist for ABD certified dermatologists that may not yet have started performing Mohs Surgery. Furthermore, the practice pathway does not apply to ABMS diplomats in other specialties like those of the plastic surgery and ophthalmology plaintiff-class members.

6

See also Supplemental Affidavit of David Allyn, M.D. [Doc. 50], incorporated herein by reference.

### IV. <u>Plaintiffs are Entitled to an Award of Fees and Costs under 28 U.S.C. § 1927</u>

Pursuant to the authority cited above, the Court may not award attorneys' fees and costs against Plaintiffs or their counsel for filing the initial Complaint and Amended Complaint. Since the Court's lack of legal authority to impose such sanctions is based on clear, unequivocal, and long-standing federal precedent, defense counsel should have known that its request was wholly without merit and served no purpose other than to intimidate and harass the Plaintiffs into dismissal and to <u>unnecessarily</u> multiply these proceedings.

Defense counsel has, from the first telephone conference, wielded the threat of sanctions as the bluntest of instruments. Every request was punctuated with the phrase, ". . . or we will be forced to move for sanctions." The Court need look no further than defense counsel's Motion for Attorneys' Fees for proof. Therein, defense counsel admits he threatened Plaintiffs with a motion for fees at least three times. [Doc. 33, pp. 5-7].

According to defense counsel's claims in the Motion for Attorneys' Fees, Defendants seek an award for having to file the first Motion to Dismiss [Doc. 21] and the sanctions motion. Both stem from, and are dependent upon, the original Complaint. Precedent is clear. Defendants are not entitled to a § 1927 award for the initial Complaint and anything that they chose to file based thereon.

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court enter an Order (1) denying Defendants' Motion for Costs and Attorneys' Fees, or, Alternatively, for an Order Requiring Plaintiffs to Post a Bond, and, (2) in addition awarding Plaintiffs their attorneys' fees and costs for having to defend Defendants' baseless claim for 28 U.S.C. § 1927 sanctions and fees when the same is completely meritless under existing facts and law.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have filed this document electronically with the Clerk of Court via the CM/ECF System, which automatically serves all counsel of record, on this 26th day of November 2018.

/s/ George F. Indest III

**GEORGE F. INDEST III, J.D., M.P.A., LL.M.**
Florida Bar No.:  382426
Primary e-mail:  GIndest@TheHealthLawFirm.com
Secondary e-mail:  CourtFilings@TheHealthLawFirm.com
TRIAL COUNSEL/LEAD ATTORNEY
ATTORNEY TO BE NOTICED
**LANCE O. LEIDER, J.D., LL.M.**
Florida Bar No.:  96408
Primary e-mail:  LLeider@TheHealthLawFirm.com
Secondary e-mail:  CourtFilings@TheHealthLawFirm.com
TRIAL COUNSEL/LEAD ATTORNEY
ATTORNEY TO BE NOTICED
**THE HEALTH LAW FIRM**
1101 Douglas Avenue
Altamonte Springs, Florida 32714
Telephone:  (407) 331-6620
Telefax:  (407) 331-3030
**ATTORNEYS FOR PLAINTIFFS**

GFI/LOL/pa
S:\001-1699\002\002-ABMS Antitrust Suit\410-Pleadings-Drafts & Finals\Surreply to Mtn for Atty Fees-3.wpd