## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

| | |
|---|---|
| DAVID ALLYN, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN BOARD OF MEDICAL SPECIALTIES, INC., *et al.*<br><br>Defendants. | Case no. 5:18-cv-00355-JSM-PRL |

### DEFENDANTS' MOTION FOR RECONSIDERATION
### OF ORDER GRANTING LEAVE FOR PLAINTIFFS
### TO FILE SUR-REPLY BRIEFS

Russell LaPeer
**LANDT, WIECHENS, LaPEER,
& AYRES LLP**
Florida Bar no. 200530
445 N.E. 8th Avenue
Ocala, Florida 34470
Telephone No.  (352) 732-8622
Facsimilie No.  (352) 732-1162
rlapeer@aol.com &
lawsec70@yahoo.com

Jack R. Bierig
Benjamin I. Friedman
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, Illinois 60603
Telephone No.  (312) 853-7000
Facsimile No.   (312) 853-7036
jbierig@sidley.com
benjamin.friedman@sidley.com

Admitted *Pro Hac Vice*

Defendants American Board of Medical Specialties ("ABMS") and American Board of Dermatology ("ABD") (collectively "defendants") respectfully request that the Court reconsider its Order granting plaintiffs' motion to file sur-reply briefs (ECF No. 55). Procedurally, plaintiffs' motion for leave (ECF No. 54) (the "Motion") violates Local Rule 3.01 in that (a) the Motion attaches the proposed sur-reply briefs in clear violation of Local Rule 3.01(d) and (b) it recites that plaintiffs sought defendants' agreement to the motion when in fact counsel for plaintiffs did not seek such agreement after this Court authorized defendants to file a reply brief and permitted plaintiffs to seek leave to file sur-reply briefs. Substantively, besides improperly addressing numerous issues that plaintiffs had previously briefed, plaintiffs' proposed sur-reply to defendants' motion for costs and attorneys' fees includes an untimely and inappropriate request for fees and costs.

## I.     PLAINTIFFS MOTION VIOLATES LOCAL RULE 3.01.

In this district, the requirements for a motion for leave to file a sur-reply brief are clear. A party must file a motion of no more than three pages in length, which "shall not include, as an attachment or otherwise, the proposed" sur-reply. M.D. Fla., L.R. 3.01(d). Before filing, the moving party must "confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion," and must also include in the motion a certification of compliance. M.D. Fla., L.R. 3.01(g). Plaintiffs did not comply with either requirement.

First, Rule 3.01(d) explicitly prohibits attaching proposed sur-reply briefs to a motion to file such briefs. Yet that is precisely what plaintiffs did. It seems clear that, notwithstanding this Rule, plaintiffs' counsel was determined to put the briefs before this Court even if the Court denied their motion. The Court should not countenance this blatant violation of Rule

1

3.01(d).

Second, the Motion "certifies that Plaintiffs' counsel has in good faith contacted counsel for Defendants and requested concurrence with this motion." Mot. ¶ 4. In fact, counsel for plaintiffs did not request the concurrence of counsel for defendants to the filing of sur-reply briefs after this Court's October 29 Order. During the two week period between the Court's Order and the filing of the Motion, counsel for plaintiffs did not contact counsel for defendants about either the filing of sur-reply briefs or the proposed length of such briefs.

As the Court may recall, plaintiffs would not agree to defendants' motion for leave to file reply briefs unless defendants would agree to plaintiffs' request to file sur-reply briefs. ECF No. 48 at 3. Defendants refused to agree at that time to the filing of sur-reply briefs because they considered the request premature. *Id*. In granting defendants leave to file reply briefs, this Court noted that "[i]f, after Defendants have filed their reply briefs, Plaintiffs believe that a sur-reply is needed, they may file an appropriate motion." ECF No. 49 at 1 n.1. However, after the Court so ruled on October 29, plaintiffs' counsel never conferred with counsel for defendants either about the filing of sur-reply briefs or about the length of such briefs. Indeed, in the entire two week period between the filing of defendants' reply brief and the Motion, counsel for plaintiffs never contacted counsel for defendants. In the circumstances, the representation by plaintiffs' counsel that it sought agreement from defendants to the filing of the Motion is unjustified and contrary to Local Rule 3.01(d).

## II.     PLAINTIFFS REQUEST FOR SANCTIONS IS IMPROPER.

Plaintiffs' proposed sur-reply to defendants' motion for costs and attorneys' fees asks the Court—for the first time—to award fees and costs to plaintiffs. ECF No. 54-2 at 7. This

request is improper. As the "Eleventh Circuit has repeatedly admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court." *Grasso v. Grasso*, 131 F. Supp. 3d 1303, 1309 (M.D. Fla. 2015). Thus, "District Courts, including this one, ordinarily do not consider arguments raised for the first time on reply." *Allah El v. Avesta Homes*, No. 8:11–cv–2192–T–33TGW, 2012 WL 515912, at *3 (M.D. Fla. Feb. 16, 2012). *A fortiori*, this Court should not consider a request for fees and costs raised for the first time in a proposed sur-reply brief. Rather, if plaintiffs want to seek fees and costs, they should file a separate motion, and defendants should be given the opportunity to respond.

## CONCLUSION

For the reasons set forth above, this Court should reconsider its Order granting plaintiffs Motion for leave to file sur-reply briefs, should deny that Motion, and should strike plaintiffs' sur-reply briefs from the docket. Should the Court grant leave to file the sur-reply briefs, however, it should permit defendants to respond to plaintiffs' request for costs and attorneys' fees, a request made for the first time in their sur-reply brief.

Dated:  November 29, 2018

Russell LaPeer
**LANDT, WIECHENS, LaPEER,
& AYRES LLP**
Florida Bar no. 200530
445 N.E. 8th Avenue
Ocala, Florida 34470
Telephone No.  (352) 732-8622
Facsimilie No.  (352) 732-1162
rlapeer@aol.com &
lawsec70@yahoo.com

Respectfully submitted,

*/s/ Jack R. Bierig*
Jack R. Bierig
Benjamin I. Friedman
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, Illinois 60603
Telephone No.  (312) 853-7000
Facsimile No.   (312) 853-7036
jbierig@sidley.com
benjamin.friedman@sidley.com

Admitted *Pro Hac Vice*

3

## CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record in this case.

 /s/ Jack R. Bierig
Jack R. Bierig
Benjamin I. Friedman
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, Illinois 60603
Telephone No.  (312) 853-7000
Facsimile No.   (312) 853-7036
jbierig@sidley.com
benjamin.friedman@sidley.com

Admitted *Pro Hac Vice*