IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Ocala, Florida

DAVID ALLYN, M.D.,
JAMES V. LYNOTT, M.D.,
JOSEPH M. MASESSA, M.D.,
JEFFREY BAUER HORTON, M.D., J.D.,
and MONT JAY CARTWRIGHT, M.D.,            No.: 5:18-cv-355-Oc-30PRL

    Plaintiffs,

vs.

AMERICAN BOARD OF MEDICAL
SPECIALTIES, INC., an Illinois corporation,
and AMERICAN BOARD OF DERMA-          Opposition to Defendants' Motion for
TOLOGY, INC., a Delaware corporation,  Reconsideration (Doc.56)
authorized to do business in Massachusetts,

    Defendants.
_____/

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'

MOTION FOR RECONSIDERATION (DOC. 56)

COME NOW Plaintiffs in the above-captioned matter and file this Response in Opposition to Defendants' misleading Motion for Reconsideration (Doc. 56), stating:

SUMMARY

Defendants' Motion for Reconsideration (Doc. 56) attempts to mislead the Court because counsel for the Plaintiffs specifically discussed, in good faith, their filing of the two sur-reply briefs at issue with opposing counsel, in compliance with Local Rule 3.01(g), and Defendants

counsel did specifically object to and disagree with Plaintiffs' filing such. Additionally, Defendants, in filing their Motion (Doc. 56), apparently intentionally failed to comply with Local Rule 3.01(g), by not bothering to attempt to contact counsel for Plaintiffs regarding it.

## BACKGROUND FACTS

1. On October 29, 2018, this Court entered an Order (Doc. 49) granting leave to Defendants to file reply briefs in support of their prior motions. In its Order, the Court specifically stated, in relevant part:

> . . . If, after Defendants have filed their reply briefs, Plaintiffs believe that a sur-reply is needed, they may file an appropriate motion.

(Doc. 49, n.1; Exhibit "1.") Thus the Court had already impliedly authorized the filing of Plaintiffs' Motion (Doc. 54).

2. Furthermore, undersigned counsel for Plaintiffs did specifically consult with counsel for the Defendants, in good faith, regrading Plaintiffs' filing of sur-reply briefs, in conformance with Rule 3.01(g), prior to filing its motion.

3. On October 24, 2018, after discussion back and forth, counsel for Defendants, Jack R. Bierig, Esquire, sent an e-mail dated October 24, 2018, 4:46 P.M., to Plaintiffs' counsel, George F. Indest III (Exhibit "2"), in which he stated:

> ". . . I am not inclined to agree that plaintiffs' [sic] may file surreply briefs if defendants' [sic] are permitted to file reply briefs."

(Exhibit "2")

4. In addition to the foregoing, in Defendants' Motion for Leave to file Reply Briefs, dated October 25, 2018 (Doc. 48), Defendants' counsel once again stated:

> . . . Plaintiffs' counsel refused to consent unless defendants agreed to the filing of surreply briefs by plaintiffs. Defendants believe that plaintiffs' proposed condition is improper <u>and therefore refused to agree to it.</u>

(Doc. 48, p.3.)

5. As usual, Defendants also seek to make up their own rules arguing that the Court should enforce rules that don't exist. Defendants argue that, despite their prior objections and disagreement to Plaintiffs' request to consent to filing sur-reply briefs, <u>documented in writing at least twice</u>, the Plaintiffs should be forced to come back to them again, with hat in hand, requesting this once again.

6. The Local Rules simply do not require this. The Local Rules do not require the parties to confer a third or fourth time on the same issues and same motions prior to filing them.

7. Furthermore, Defendants, while criticizing Plaintiffs' alleged failure to comply with Local Rule 3.01, did the same by failing to comply with Local Rule 3.01(g), prior to filing their Motion for Reconsideration (Doc. 56).

8. Defendants continue to improperly multiply the litigation, delay the case and increase the legal expenses and costs of the Plaintiffs, by filing motion after motion, instead of just getting to discovery so the case can move forward.

9. It was the Defendants who filed a spurious and vexatious Motion for Attorney's Fees (Doc. 33) pursuant to 28 U.S.C. § 1927, without having previously served Plaintiffs with an advance copy. This was a frivolous motion which the most cursory legal research would have

shown was without merit and unsupported by the law. Accordingly, if the Court denies Defendants' vexatious, frivolous motion, it should award attorneys' fees and costs to the Plaintiffs for having to defend against it, pursuant to 28 U.S.C. § 1927.

## ARGUMENT & SUPPORTING MEMORANDUM OF LAW

The Court, in its Order of October 29, 2018 (Doc. 49), indicated at least preliminarily that Defendants would be allowed to file sur-reply briefs in response to Defendants' reply briefs. Defendants' counsel had already made it clear, when consulted in good faith on this by Plaintiffs' counsel, that Defendants opposed this.

Defendants, while criticizing Plaintiffs' alleged failure to comply with Local Rule 3.01, did the same by failing to comply with Local Rule 3.01(g), prior to filing their Motion for Reconsideration (Doc. 56).

Any other technical violations of Local Rule 3.01(g), are immaterial and harmless to Defendants. Rather than prolong the litigation and continue to file motion after motion, Defendants should allow the Court to make its decision, informed by the copious filings of the parties.

On the issue of Plaintiffs' request for attorney's fees pursuant to 28 U.S.C. § 1927 made in response to the Defendants' vexatious motion for sanctions and attorney's fees (requested by Defendants pursuant 28 U.S.C. § 1927), case law shows that Plaintiffs should be awarded these by the Court.

The Eleventh Circuit Court of Appeals ruled that the district court did not abuse its discretion by granting a defendant's motion for sanctions since the plaintiff's motion to strike

improperly sought sanctions against the defendant without having complied with the basic foundational requirements for such in Goode v Wild Wing Cafe, 588 Fed. Appx. 870, 2014 U.S. App. LEXIS 19041 (11th Cir. 2014).

The Eighth Circuit Court of Appeals upheld sanctions against a party's counsel under 28 U.S.C. § 1927 because that counsel had filed a frivolous motion for sanctions. The district court had found a pattern of unnecessary and hostile pleadings which created unnecessary and protracted delays in the litigation. Tenkku v Normandy Bank 348 F3d 737 8th Cir. 2003).

Similarly, the Second Circuit Court of appeals affirmed an award for sanctions on finding that the opposing counsel's motion for sanctions under 28 U.S.C. § 1927 was frivolous and undertaken for an improper purpose where that attorney's motives included applying pressure on the plaintiff to obtain a concession in the litigation. Patsy's Brand, Inc. v I.O.B. Realty, Inc., 317 F.3d 209 (2d Cir. 2003).

In Encyclopaedia Britannica, Inc. v Dickstein Shapiro, LLP, 905 F. Supp. 2d 150 (D.D.C. 2012), the court held that the decision of a party's counsel to file, without conferring with opposing counsel, a frivolous motion to treat a motion for sanctions as conceded, did amount to bad faith that unreasonably and vexatiously multiplied these proceedings. Accordingly, the errant counsel was ordered to pay attorney's fees that party incurred in responding to the improper motion, pursuant to 28 U.S.C. § 1927.

## RELIEF REQUESTED

Plaintiffs respectfully request this Court to deny Defendants' Motion for Rehearing (Doc. 56) and to award Plaintiffs their attorney's fees and costs for having to respond to Defendants' Motion for Sanctions (Doc. 33).

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have filed this document electronically with the Clerk of Court via the CM/ECF System, which automatically serves all counsel of record, on this 29th day of November 2018.

/s/  George F. Indest III

---

GEORGE F. INDEST III, J.D., M.P.A., LL.M.
Florida Bar No.:  382426
Primary e-mail:  GIndest@TheHealthLawFirm.com
Secondary e-mail:  CourtFilings@TheHealthLawFirm.com
TRIAL COUNSEL/LEAD ATTORNEY
ATTORNEY TO BE NOTICED
LANCE O. LEIDER, J.D., LL.M.
Florida Bar No.:  96408
Primary e-mail:  LLeider@TheHealthLawFirm.com
Secondary e-mail:  CourtFilings@TheHealthLawFirm.com
TRIAL COUNSEL/LEAD ATTORNEY
ATTORNEY TO BE NOTICED
THE HEALTH LAW FIRM
1101 Douglas Avenue
Altamonte Springs, Florida 32714
Telephone:  (407) 331-6620
Telefax:  (407) 331-3030
ATTORNEYS FOR PLAINTIFFS

Attached:

   Exhibit 1
   Exhibit 2
   Exhibit 3

GFI/LOL/AAA/pa
S:\001-1699\002\002-ABMS Antitrust Suit\410-Pleadings-Drafts & Finals\Response to Motion to Reconsider.wpd