IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Ocala, Florida

DAVID ALLYN, M.D.,
JAMES V. LYNOTT, M.D.,
JOSEPH M. MASESSA, M.D.,
JEFFREY BAUER HORTON, M.D., J.D.,
and MONT JAY CARTWRIGHT, M.D.,                    No.:  5:18-cv-355-Oc-30PRL

       Plaintiffs,

vs.

AMERICAN BOARD OF MEDICAL
SPECIALTIES, INC., an Illinois corporation,
and AMERICAN BOARD OF DERMA-
TOLOGY, INC., a Delaware corporation,        Plaintiffs' Response in Opposition to
authorized to do business in Massachusetts,       Defendants' Objection to Supplemental
                                                                            Affidavit of David Allyn, M.D.

       Defendants.
_____/


<u>PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' OBJECTION [DOC.</u>

<u>53] TO SUPPLEMENTAL AFFIDAVIT OF DAVID ALLYN, M.D.</u>

     COME NOW Plaintiffs in the above-referenced matter, and file this Response in

Opposition to Defendants' Objection to Supplemental Affidavit of David Allyn, M.D., in Support

of Plaintiffs' Response to Defendants' Motion to Dismiss [Doc. 53], stating:

<u>INTRODUCTION</u>

     Defendants American Board of Medical Specialties, Inc. ("ABMS"), and American Board

of Dermatology, Inc. ("ABD"), objected to the Supplemental Affidavit of David Allyn, M.D.

("Affidavit") [Doc. 50] based on the alleged violation of Local Rule 3.01(c).  However,

Defendants have incorrectly characterized the Affidavit as a motion or a pleading of some sort.

Generally, a supplemental affidavit [Doc. 50] is provided when events have transpired that change the content of the initial declaration [Doc. 44].   Similarly, Plaintiffs filed Dr. Allyn's supplemental affidavit after ABMS approved the Mohs Surgery subspecialty.   As such, Plaintiffs respectfully request that the Court deny Defendants' Objection to the Affidavit [Doc. 53].

<u>ARGUMENT</u>

I.   Plaintiffs' Supplemental Affidavit Does Not Fall Under Local Rule 3.01(c).

Local Rule 3.01(c) states:

> No party shall file any reply or further memorandum
> directed to the motion or response allowed in (a) and
> (b) unless the Court grants leave.

In the present case, Plaintiffs have not filed a motion, reply, or further memorandum.   Plaintiffs filed the Affidavit in support of a permissive response to Defendants' motion to dismiss.   In fact, Local Rule 3.01(b) allows parties to file responses in opposition, which Plaintiffs filed on October 19, 2018.   [Doc. 43].   Attached to the motion was Dr. Allyn's initial declaration [Doc. 44].   At the time, Defendants did not object to Dr. Allyn's initial declaration [Doc. 44].   In an attempt to update the issues raised in Plaintiffs' response to the motion to dismiss, Plaintiffs filed the Supplemental Affidavit [Doc. 50] replacing Dr. Allyn's initial declaration [Doc. 44], and also relying upon it in their Sur-reply Briefs [Docs. 54-1 & 54-2].

Defendants attempt to mischaracterize the Supplemental Affidavit as a motion in order to have the Affidavit stricken from the docket.   However, the Supplemental Affidavit is nothing more than an affidavit that supports a permissive filing.

Defendants take specific issue with paragraphs 6 and 9 of the Supplemental Affidavit as being argumentative.   However, paragraphs 6 and 9 are simply the facts as Dr. Allyn understands

them.  To the extent that they may state his opinion, it is a fact that this is Dr. Allyn's opinion.

Defendants cite to *Modis, Inc. v. Beckwith* as the basis to strike the Affidavit.  However, in *Modis* the plaintiffs who objected to the filing of a supplemental affidavit relied upon Local Rule 3.01(d), not Local Rule 3.01(c).  The court also clarified:

> As Defendant is attempting to reply to Plaintiff's Opposition to the Amended Motion to Dismiss, rather than merely supplementing his original Affidavit, Defendant must first seek leave of Court to file his Supplemental Affidavit.

*Modis, Inc. v. Beckwith*, No. 3:07-CV-1125-J-20JRK, 2008 WL 11434460, at *2-3 (M.D. Fla. Mar. 5, 2008).  In *Modis, Inc.*, the defendant intended for the supplemental affidavit by itself to be a reply in opposition to the other side's motion.  That is not the present case.  In the present case, Plaintiffs did not file the Supplemental Affidavit with the intention to reply to Defendant's Motion to Dismiss the Amended Complaint [Doc. 31], but rather filed the Supplemental Affidavit supporting Plaintiff's Response in Opposition to Defendant's Motion to Dismiss the Amended Complaint [Doc. 43].  In addition, the Supplemental Affidavit was incorporated by referenced into Plaintiffs' two Sur-reply Briefs which were authorized by the Court [Docs. 54-1, 54-2 & 55].

Plaintiffs' conduct is better characterized by *Cardenas v. Dorel Juvenile Group, Inc.* (as cited by the court in *Modis*), in which the court held:

> [C]ourts have held that the filing of an affidavit with a reply is appropriate when the affidavit addresses matters raised in the opposition brief.

*Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 635, 636 (D. Kan. 2005).  This is exactly what the Plaintiffs did.  Plaintiffs filed an affidavit attached to a reply to Defendants' Motion to Dismiss the Amended Complaint [Doc. 31].  When circumstances changed, due to Defendants'

conduct, Plaintiffs supplemented their initial affidavit [Doc. 44] to more accurately address the latest facts.  In addition, both the initial affidavit [Doc. 44] and the supplemental affidavit [Doc. 50] addressed matters that Defendants raised in their Motion to Dismiss the Amended Complaint [Doc. 31].

II.     The Supplemental Affidavit Does Not Contain Inadmissible Material.

Defendants argue that Dr. Allyn's Supplemental Affidavit should be stricken because it contains "a conclusory argument rather than a statement of fact, or when the affidavit is not based on personal knowledge."  Defendants then attempt to mischaracterize Dr. Allyn's Supplemental Affidavit [Doc. 50] as if it was not based on personal knowledge.  However, the Affidavit clearly refers to "Exhibit A" of the Affidavit as the basis for which Dr. Allyn is making his statements. In fact, the Affidavit not only relies on Dr. Allyn's personal knowledge, but also relies on information that Defendants themselves have proffered.[1]

However, Defendants have engaged in a similar practice of including conclusory arguments in their own affidavits.  In the Declaration of Jack R. Bierig in Support of Defendants' Motion to Dismiss, Defendants rely on paragraphs 3 and 4 which include conclusory arguments.  [Doc. 22 at 2].  Paragraph 3 of Mr. Bierig's Declaration [Doc. 22] states:

"It immediately became apparent that many of the

---

[1]     Exhibit A of the Affidavit [Doc. 50] is a document proffered by ABD.  The document states that the creation of the Mohs Surgery subspecialty was approved by ABMS on October 26, 2018, and also lists the requirements which physicians who apply for the subspecialty certification must meet in order to become certified in Mohs Surgery.  It is understandable that Defendants would not want this information, a statement by a party opponent (Defendant ABD), to be considered by the Court.  It completely undercuts their arguments.

> factual allegations in the Complaint were
> demonstrably inaccurate."

[Doc. 22, p. 2].  In addition, Paragraph 4 of Mr. Bierig's Declaration states:

> "It also immediately became apparent that Plaintiffs'
> allegations of immediate and concrete harm were
> without any factual support whatsover [sic]."

[Doc. 22, p. 2].  Both of these statements are argumentative and conclusory.  Nevertheless, Defendants relied on those statements in those affidavits in support of their Motion to Dismiss.

Defendants relied on paragraphs 3 and 4 of Mr. Bierig's Declaration in order to support their Motion to Dismiss the Amended Complaint [Doc. 31], yet they seek to strike Plaintiff's Supplemental Affidavit which Plaintiffs used to support their Response in Opposition to Defendants' Motion to Dismiss the Amended Complaint [Doc. 43] and their Sur-replies [Doc. 54-1 & 54-2].  The inconsistency is glaring and stark.

As such, the Supplemental Affidavit does not contain improper arguments or facts.  The facts are based on Dr. Allyn's personal knowledge and information published by Defendants.  Furthermore, when considering the motions filed, the Court will have the experience to determine whether a statement in an affidavit is the affiant's opinion as opposed to a "fact."  Therefore, the Court should consider the Supplemental Affidavit when ruling on Defendants' Motion to Dismiss and not strike it as the Defendants request.


III.    The Supplemental Affidavit Establishes That This Case Is Ripe.

Again Defendants claim that this case is unripe for review and that Dr. Allyn's Affidavit does not establish ripeness.  However, the creation of the Mohs Surgery subspecialty is exactly

what Plaintiffs have been arguing about since the very beginning. The creation of the Mohs Surgery subspecialty is the culmination of an ongoing conspiracy that Defendants and Unnamed Co-conspirators have engaged in for at least the past five (5) years. The Affidavit confirms what Plaintiffs have been arguing since the beginning of this case.

Defendants have mischaracterized Plaintiffs' arguments in an attempt to have the Affidavit, as well as this entire case, stricken. However, Plaintiffs have, in fact, suffered harm due to Defendants' conspiratorial actions even before the creation of the Mohs Surgery subspecialty on October 26, 2018.

IV.    The Supplemental Affidavit Also Supports Plaintiffs Sur-reply Briefs [Docs. 54-1 & 54-2].

In addition to the foregoing, Dr. Allyn's Supplemental Affidavit [Doc. 50] was incorporated into by reference each of the Sur-reply Briefs filed by Plaintiffs [Docs. 54-1 & 54-2] which the Court authorized in its Orders of October 29, 2018, and November 27, 2018 [Docs. 49 & 55]. As such, there is no difference between Plaintiffs' Supplemental Affidavit of Dr. Allyn and the many affidavits filed by the Defendants in support of their Motions.

Given that the Supplemental Affidavit [Doc. 50] makes the Court aware of additional facts and developments that support the Plaintiffs and refute the grounds for the Defendants' various Motions, it is properly before the Court.

V.    Defendants' Objection is Actually a Motion to Strike that Does Not Comply with Local Rule 3.01(g).

Defendants' Objection is actually a motion to strike Dr. Allyn's Supplemental Affidavit.

It even requests relief from the Court in the form of striking it.  As such, Defendants' counsel was required to consult in good faith with Plaintiffs' counsel prior to filing it.  Defendants' counsel failed to do this.  Thus the Court should therefore deny it in accordance with Local Rule 3.01(g).

CONCLUSION

For the reasons set forth above, this Court should deny the objection [Doc. 53], consider the Supplemental Affidavit of Dr. Allyn [Doc. 50], and <u>not</u> strike it from the docket.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have filed this document electronically with the Clerk of Court via the CM/ECF System, which automatically serves all counsel of record on this 30th day of November 2018.

/s/  George F. Indest III

_____
GEORGE F. INDEST III, J.D., M.P.A., LL.M.
Florida Bar No.:  382426
Primary e-mail:  GIndest@TheHealthLawFirm.com
Secondary e-mail:  CourtFilings@TheHealthLawFirm.com
TRIAL COUNSEL/LEAD ATTORNEY
ATTORNEY TO BE NOTICED
LANCE O. LEIDER, J.D., LL.M.
Florida Bar No.:  96408
Primary e-mail:  LLeider@TheHealthLawFirm.com
Secondary e-mail:  CourtFilings@TheHealthLawFirm.com
TRIAL COUNSEL/LEAD ATTORNEY
ATTORNEY TO BE NOTICED
THE HEALTH LAW FIRM
1101 Douglas Avenue
Altamonte Springs, Florida 32714
Telephone:  (407) 331-6620
Telefax:  (407) 331-3030
ATTORNEYS FOR PLAINTIFFS

GFI/AAA
S:\001-1699\002\002-ABMS Antitrust Suit\410-Pleadings-Drafts & Finals\Opp to Obj to Supp Aff-FINAL.wpd